IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                        Case No. 12-10140-07-JTM

                                      16-1178-JTM

Javier Aldrete,

    Defendant.

MEMORANDUM AND ORDER

Defendant Javier Aldrete has moved *pro se* to vacate his sentence as unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Aldrete pled guilty to three counts of using a communication facility to facilitate the distribution of methamphetamine. (Dkt. 195). The court sentenced him to 144 months imprisonment. In *Johnson*, the Supreme Court held that the term "crime of violence" as used in residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *See also United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015).

The court will deny the defendant's motion. Aldrete's sentence was not enhanced because of prior crimes of violence. Rather, his sentence was enhanced as a career offender under United States Sentencing Guidelines § 4B1.1(a) because of his prior convictions for

serious drug offenses, as that term is defined under 18 U.S.C. § 924(e)(2)(A). (Dkt. 214, at 11). In 2004, Aldrete was convicted in this court of distribution of methamphetamine. In 2011, Aldrete was convicted in Missouri of conspiracy to distribute marijuana and diazepam. These convictions reflect "serious drug offenses."

"Neither *Johnson v. United States* nor *United States v. Madrid* invalidated the ACCA definition of a 'serious drug offense,' or the definition of a 'controlled substance offense' under the U.S.S.G.'s career-offender provision, and, therefore, [the defendant] is not entitled to relief on his § 2255 motion." *See United States v. Alvarez-Narzagaray*, 2016 WL 4035339, *3 (D.N.M. June 29, 2016) (citations omitted). *See also, e.g., Stanley v. United States*, 2016 WL 3514185, *1 (7th Cir. June 1, 2016) ("*Johnson* ... does not have anything to do with the proper classification of drug offenses" for purposes of sentencing enhancements); *Wirsing v. United States*, 2016 WL 4442812, *3 (N.D.W.Va. Aug. 23, 2016) ("petitioner's assertion that the invalidated ACCA residual clause language also applies to 'controlled substance offense,' thus entitling him to relief and resentencing pursuant to *Johnson*, is erroneous").

The court further determines that the defendant has not made a substantial showing that he has been denied a constitutional right, as 28 U.S.C. § 2253(c)(2) requires. Accordingly, the court will deny a certificate of appealability.

IT IS ACCORDINGLY ORDERED this day of 25th August, 2016, that the defendant's Motion to Vacate (Dkt. 324) is hereby denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE